UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA          :
    Plaintiff,                    :
                                  :
    v.                            :     No. 2:06-cr-82
                                  :
JOSEPH BROWN,                     :
    Defendant.                    :

**ORDER**

    The Defendant, Joseph Brown, is charged with conspiracy with intent to distribute and possess with intent to distribute cocaine and cocaine base, and with possession with the intent to distribute cocaine and cocaine base, Schedule II controlled substances. Currently before the Court is Brown's Motion to Inspect Contents of Records or Papers in Connection with Grand and Petit Jury Selection Process. For the following reasons, the Motion (Doc. 45) is GRANTED to the extent that it seeks access to materials that do not contain personal information on individual members of the jury pool.

    Brown's motion requests permission to "inspect the contents of records or papers used by the jury commission or clerk in connection with the jury selection process," to assist his preparation of a motion to dismiss the indictment. (Mot. 1.) Under Fed. R. Crim. P. 6(b)(2), a party may move to dismiss an

indictment based on an objection to the grand jury or on an individual juror's lack of legal qualification.  All such motions are governed by the Jury Selection and Service Act ("the Act"), which provides that the procedures described in § 1867 generally are "the exclusive means by which a person accused of a Federal crime . . . may challenge any jury on the ground that such jury was not selected in conformity with the provisions of [title 28]."  28 U.S.C. § 1867(e).

The Act provides that a defendant may move to dismiss the indictment on the ground of substantial failure to comply with the provisions of the Act in selecting the grand or petit jury, before the voir dire examination begins or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds for the motion, whichever is earlier.  28 U.S.C. § 1867(a).  The Act additionally provides that the contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, "except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a) . . . until after the master jury wheel has been emptied and refilled . . . and all persons selected to serve as jurors before the master wheel was emptied have completed such service."  28 U.S.C. § 1867(f).

The Supreme Court has held that § 1867(f) gives a litigant

"essentially an *unqualified* right to inspect jury lists."  <u>Test v. United States</u>, 420 U.S. 28, 30 (1975) (emphasis in original). Such a right is required because "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge."  <u>Id.</u>  <u>Test</u> does not establish what rights a defendant has to inspect materials such as juror questionnaires in addition to jury lists, however. <u>United States v. Davenport</u>, 821 F.2d 1511, 1514-15 (7th Cir. 1987).

Brown's motion does not state on what grounds he contemplates filing a motion to dismiss the indictment, nor does it make any specific allegation regarding defects in the selection of the grand or petit jury.  He requests access to the records and papers used by the jury commission or clerk in connection with the jury selection process pursuant to the Sixth Amendment of the United States Constitution, Fed. R. Crim. P. 6(b), and 28 U.S.C. § 1867(a).  However, he does not elaborate on the specific materials which are likely to prove relevant to his proposed motion.

Brown is clearly entitled, under the Act, to jury lists and to all available information on the jury selection procedures used in this District.  However, Brown will not be granted access to materials, such as juror questionnaires, that include personal information on individual members of the jury pool, absent a

3

further showing of necessity.  See Davenport, 824 F.2d at 1515 (upholding denial of defendant's access to juror questionnaires where he had not shown any reason why the jury lists would be insufficient for his purposes); see also United States v. McLernon, 746 F.2d 1098, 1123 (6th Cir. 1984) (holding that unqualified right to inspection was satisfied by access to master jury list and relevant demographic data).

If Brown is able to show that access to the juror questionnaires and other materials containing personal information about individual members of the jury pool is necessary to the preparation of his motion to dismiss the Indictment, the Court will allow such access.  Its present holding is based on the Motion presently before the Court, which does not demonstrate any necessity for such access.

For the foregoing reasons, the Motion is GRANTED as regards materials, including jury lists and information regarding the procedures used for jury selection, that do not contain the personal information of individual members of the jury pool.

Dated at Burlington, Vermont this 18th day of January, 2007.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge