```
             UNITED STATES DISTRICT COURT
                      FOR THE
                 DISTRICT OF VERMONT

UNITED STATES OF AMERICA,       :
                                :
                                :
           v.                   :    Case No. 2:06-cr-82-2
                                :
JOSEPH BROWN,                   :
                                :
           Defendant.           :
```

MEMORANDUM and ORDER re Subpoenas

Defendant Joseph Brown, pro se, has applied for several subpoenas pursuant to Rule 17(b) in connection with a June 12, 2008 hearing on his motions challenging the method of grand and petit jury selection in the District of Vermont. The requested subpoenas are directed to:

- Lee Suskin, Esq., Court Administrator and Clerk for the Vermont Supreme Court
- Hon. Paul L. Reiber, Chief Justice of the Vermont Supreme Court
- Hon. J. Garvan Murtha, District Judge, United States District Court for the District of Vermont
- Hon. William K. Sessions III, Chief Judge, United States District Court for the District of Vermont
- Richard Paul Wasko, Clerk of Court, United States District Court for the District of Vermont
- David V. Kirby, Esq., former acting United States Attorney, Burlington, Vermont
- Thomas D. Anderson, United States Attorney for Vermont
- Hon. John M. Walker, Jr., former Chief Judge, United States Court of Appeals for the Second Circuit
- Karen Greve Milton, Circuit Executive, United States Court of Appeals for the Second Circuit
- Kathleen A. Carter, Jury Administrator, United States District Court for the District of Vermont
- Gail E. Ireland, former Jury Administrator, United States District Court for the District of Vermont
- Maryanne E. Kampmann, Esq.

Subpoenas are ordered to be issued to Richard Paul Wasko and

Kathleen A. Carter; the remainder of the subpoena applications are denied.

A defendant has a Sixth Amendment right to compulsory process for obtaining witnesses.  U.S. Const. amend. VI.  Rule 17 of the Federal Rules of Criminal Procedure provides for the issuance of subpoenas in criminal proceedings.  Fed. R. Crim. P. 17.  Rule 17(b) states that "the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense."  Fed. R. Crim. P. 17(b).

The Defendant seeks to demonstrate that the District's method for selecting grand and petit jurors violates the Fifth and Sixth Amendments, as well as the Jury Selection and Service Act of 1968.  Thus, under Rule 17(b) he is entitled to issuance of subpoenas to witnesses necessary to present his claims adequately.  He has not however indicated how these witnesses are necessary to his argument.

Lee Suskin, court administrator for the state supreme court, is commanded to bring with him voter checklists and/or database records, and Department of Motor Vehicle lists.  Chief Justice Reiber is commanded to bring with him all documentation regarding current and past grand juries in the state court system.  This information and testimony from these individuals will not assist the Defendant in proving constitutional or statutory violations

in the federal court system.

This Court, and Judge Murtha, are commanded to bring with them current and past jury selection plans for the District of Vermont. The Defendant has stated that the judges' testimony is necessary for the presentation of his case. The testimony would be cumulative, given the issuance of subpoenas to the clerk of court and the jury administrator, who will be able to authenticate the plans and any relevant documents and to testify concerning them.

Judge Walker and Karen Milton are commanded to bring with them records which reflect the responsibilities of Second Circuit court personnel, and information or rules that govern the circuit executive's responsibilities. Absent any showing from the Defendant that these individuals have any relevant, non-cumulative testimony on the issues, subpoenas will not issue.

Likewise, the Court is unable to discern any testimony relevant to the issues raised that David Kirby, Thomas Anderson or Maryanne Kampmann might be able to provide. The testimony of Gail Ireland would be cumulative.

A request for a subpoena may be denied "where the testimony of the witness would be only cumulative, where the defendant is vague as to the witness's potential evidence . . ., or where the witness would only give irrelevant testimony not necessary to an adequate defense." *United States v. Taylor*, 562 F.2d 1345, 1362

(2d Cir. 1977) (internal citations omitted). Given that the Defendant has not made any showing that any of these witnesses are necessary to his defense, the Court will order subpoenas issued only for witnesses Wasko and Carter, who are directly responsible for the administration and operation of the District's jury selection plan. Should the Defendant show subsequently that any additional witnesses are necessary to the adequate presentation of his claims, the Court will reconsider an application for subpoenas.

    Dated at Burlington, in the District of Vermont, this 27th day of June, 2008.

                                            <u>/s/ William K. Sessions III</u>
                                            William K. Sessions III
                                            Chief Judge
                                            U.S. District Court