```
                     UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA,         :
                                  :
                                  :
         v.                       :    Docket No. 2:06-cr-82-2
                                  :
JOSEPH BROWN,                     :
                                  :
         Defendant.               :
```

**MEMORANDUM and ORDER RE: SPEEDY TRIAL**

Defendant Joseph Brown, pro se, has moved to dismiss his indictment with prejudice on statutory and constitutional speedy trial grounds.  For the reasons that follow, the motion (Doc. 119) is **denied**.

Under the Speedy Trial Act, 18 U.S.C. § 3161-3174, the trial of a defendant charged with a criminal offense must commence within seventy days from the filing date of the indictment or information, or the defendant's first appearance before a judicial officer, whichever occurs latest.  18 U.S.C. § 3161(c)(1).  Certain periods of delay resulting from other proceedings concerning a defendant are excluded in computing the time within which the trial must commence, including but not limited to "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(F); and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  § 3161(h)(1)(J).

>    Also excludable is
> 
>    any period of delay resulting from a continuance
>    granted by any judge . . . at the request of the
>    defendant or his counsel or at the request of the
>    attorney for the Government, if the judge granted such
>    continuance on the basis of his findings that the ends
>    of justice served by taking such action outweigh the
>    best interest of the public and the defendant in a
>    speedy trial.

§ 3161(h)(8)(A).  "Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are a defendant's need for 'reasonable time to obtain counsel,' 'continuity of counsel,' and 'effective preparation' of counsel."  *Zedner v. United States*, 547 U.S., 489, 500 (2006) (citing 18 U.S.C. § 3161(h)(8)(B)(iv)).

   Examination of the history of this case reveals the following.  Brown and Jose Lavandier were arrested by state drug task force agents on July 28, 2006.  They were charged in a federal complaint and appeared before a district judge on July 31, 2006.  On August 10, 2006 a grand jury returned a two-count indictment charging the defendants with possession with intent to distribute more than fifty grams of cocaine base, and seeking forfeiture of approximately $1,500.00 seized at the time of their arrest.

   The defendants were arraigned on August 22, 2006.  The speedy trial clock began running on the filing date of the indictment, and continued until arraignment, a total of eleven days.  At arraignment on August 22 before United States

Magistrate Judge Niedermeier, defense counsel requested and received a ninety-day continuance for investigation, discovery and the preparation and filing of motions.  The Court issued a scheduling order tolling the speedy trial clock until November 22, 2006, based on findings that the ends of justice would be served by granting the extension of time.  *See* Criminal Pretrial Order III, IV (Doc. 19).

On October 18, 2006, Brown filed motions to suppress, for severance and for speedy trial.  His speedy trial motion requested that the period between October 18 and November 22 not be excluded under § 3161(h)(1)(F).  *See* Def.'s Mot. for Speedy Trial 1 (Doc. 24).  The Government filed opposition to the motions to suppress and for severance on October 30, 2006.

On November 14, 2006 Brown's co-defendant Lavandier requested a two-week continuance of the November 22 deadline for filing pre-trial motions.  The Court granted an ends-of-justice continuance to December 7, 2006 and excluded the period of delay.  *See* Order (Doc. 28).  Lavandier requested a three-week continuance on December 1, which the Court granted, and excluded the period from December 7 through December 21, 2006.  *See* Order (Doc. 38).

On December 6, 2006 a grand jury returned a superseding indictment that added a charge of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base.  In

3

proceedings before Magistrate Judge Niedermeier on December 12, 2006, Lavandier was arraigned and Brown waived his appearance. Not guilty pleas were entered on behalf of both defendants. Because the superseding indictment included an offense that was required to be joined with the original offense, the superseding indictment inherited both the original seventy-day time clock and the exclusions previously granted. *See United States v. Roman*, 822 F.2d 261, 264-65 (2d Cir. 1987).

On December 19, 2006 Lavandier filed a motion to suppress, and the Government filed its opposition on the same day. On December 22, 2006 Brown filed motions to inspect records in connection with the grand jury selection process and to suppress evidence based on the use of excessive force.

On January 4, 2007 the Court conducted a hearing on Defendants' pending motions. At the conclusion of the hearing, the Court denied the suppression motions, took the motion to sever and the motion to inspect the grand jury records under advisement, and granted the speedy trial motion. The Government requested a thirty-day ends-of-justice continuance to enable the parties to prepare for a February trial, which the Court granted.

On January 18, 2007 the Court issued an opinion denying the severance motion and also ordered the discovery of certain grand jury records. On the same day Brown's attorney moved to withdraw, citing a breakdown in the attorney-client relationship.

At a hearing on the motion to withdraw on January 19, Brown's attorney was relieved; the case was removed from the February trial calendar; the motions filing deadline was enlarged to February 19, 2007, and the time was excluded in the ends of justice.  Attorney Mark Kaplan was appointed to represent Brown.

On February 16, 2007, Brown moved for a sixty-day ends-of-justice continuance, which the court granted, excluding time through April 19, 2007.  *See* Order (Doc. 59).  On April 12, Brown filed another motion to continue, to research and file a motion pertaining to the selection of the grand jury.  The Court granted the motion, and excluded time through June 8, 2007.  *See* Order (Doc. 65).  On June 6, Lavandier moved for a continuance through August 8, which was granted, and the intervening time excluded in the ends of justice.  *See* Order (Doc. 67).

On August 8, Brown moved for another sixty-day ends-of-justice continuance, citing the need for his expert to review and analyze the jury process.  The Court granted this request and excluded the time through October 8, 2007.  *See* Order (Doc. 70).

On August 24, 2007, Brown moved to revoke his order of detention and set a reasonable bond.  The motion was withdrawn on October 15, 2007.

On October 5, 2007, Brown moved for an extension of time to enable his expert to prepare her report.  The Court granted the motion over the Government's objection, and excluded the time

between October 8 and January 4, 2008.  *See* Order (Doc. 75). Jury draw was scheduled for February 5, 2008.

On January 4, 2008 Brown filed motions for a bill of particulars and to dismiss the indictment for violation of the Jury Selection and Service Act ("JSSA") and the Fifth Amendment. Lavandier moved to continue the motions deadline for another forty-five days because the expert's report had not yet been provided.

On January 10, 2008 the Government moved for a continuance of the trial date, due to a schedule conflict with a complicated fraud case.  The defense did not object to a continuance, and a continuance was granted through April 8, 2008, with the intervening time excluded in the ends of justice.  *See* Order (Doc. 87).

On February 4, 2008 Brown moved for disclosure of certain additional grand jury information, and to appear pro se.  In a hearing held February 7, the Court granted disclosure in part, and permitted Brown to proceed pro se, with his attorney acting as advisory counsel.  On that date Brown, pro se, filed another motion to dismiss the indictment based on violations of the JSSA and the Fifth and Sixth Amendments.  On February 19, 2008 he filed a motion to recuse.  On March 14, 2008 he filed another motion to dismiss the indictment.

At a March 27 status conference, Brown's advisory attorney

6

requested an additional six weeks for submission of his expert report on the jury selection process.  The Court granted the request, set a new deadline of May 1, 2008, and suggested a consolidated hearing for all defendants challenging the jury selection process, to which Brown and Lavandier agreed.  A hearing on Brown's other pending motions was scheduled for April 22, 2008.  On April 15, 2008 Brown moved to dismiss his indictment with prejudice for denial of his right to a speedy trial.

On April 22 the Defendants asked for and received a new deadline of May 13 for the submission of their expert report or affidavit.  The motion for bill of particulars was resolved; the motions for speedy trial and motion to recuse were taken under advisement.  The consolidated hearing was scheduled for June 12, 2008.  On May 13 the Court issued an order denying the motion to recuse and denying in part Brown's motion to dismiss the indictment, disposing of all grounds that did not depend on the resolution of the jury selection challenge.

The Defendants submitted their expert's affidavit on June 10, 2008.  The Government asked for and received additional time to review the report, and the consolidated hearing on the jury selection challenge was rescheduled to July 1, 2008.  Following the hearing on July 1 the parties to the consolidated hearing were permitted to file post-hearing memoranda by July 15.  The

Court issued its opinion denying the consolidated motions to dismiss indictments on August 5, 2008, and the next day issued a brief supplemental opinion addressing outstanding issues related to Brown and Lavandier's indictment.

   As the foregoing history demonstrates, eleven days ran on the speedy trial clock between August 10 and August 22, 2006. From August 22 through December 21, 2006 the speedy trial clock was stopped due to multiple continuances granted at the request of Brown and/or his codefendant.  Following the motions filing deadline of December 21, 2006, the Court conducted a hearing on the pending motions fourteen days later.  All pending motions were resolved within thirty days of that date, and the case was set for jury draw in February 2007.  The Government requested and was granted a thirty-day ends-of-justice speedy trial exclusion from January 4, 2007 without objection from the Defendants.  As of February 3, 2007 no additional time had run on the speedy trial clock.

   Before February 3, however, Brown had replaced his attorney, the trial was removed from the February 2007 calendar, and for the rest of the year the Defendants sought and were granted continuances to research, secure experts and prepare their constitutional and statutory challenge to the District of Vermont's plan for selecting grand and petit jurors.  From January 19, 2007, when Brown's first attorney was relieved, until

a January 4, 2008 deadline for the filing of pretrial motions, all time was excluded in the ends of justice at either Brown or Lavandier's request. As of January 4, 2008 the non-excluded delay remained eleven days.

An ends-of-justice exclusion was granted for the period of delay from January 4, 2008 through April 8, 2008, and the Court granted an additional continuance to May 1, 2008 at the request of Brown's advisory attorney, to enable him to supplement his motion to dismiss with the report of an expert. As of the filing of his motion to dismiss on speedy trial grounds on April 15, 2008, all except eleven days of elapsed time was excluded because continuances had been granted in the ends-of-justice or because Brown's motions were pending.

The Defendants continued to seek postponement of a hearing on their jury selection challenge due to their difficulties in securing and preparing their expert from April until June. Having filed their expert report just days before the scheduled hearing in June, the Court granted the Government's request for time to review the report. All of this time is excludable under § 3161(h)(1)(F). *See Henderson v. United States*, 476 U.S. 321, 329 (1986) (for a pretrial motion requiring a hearing subsection (F) excludes the entire period between the filing of the motion and the conclusion of the hearing); *accord United States v. Cephas*, 937 F.3d 816, 822 (2d Cir. 1991) (time during which a

motion is pending is excluded from the speedy trial clock).

The Court heard Brown's jury selection challenge in the consolidated hearing on July 1, 2008.  Following the submission of post-hearing memoranda on July 15, 2008, the Court took Brown's motions to dismiss under advisement and issued a ruling within thirty days.  *See United States v. Bufalino*, 683 F.2d 639, 644 (2d Cir. 1982) (under advisement "starting date is the day following the date on which the court has received everything it expects from the parties").  As of August 6, 2008, no additional time had run on the speedy trial clock.

Because less than seventy days of non-excludable time has elapsed to date, Brown's motion to dismiss the indictment pursuant to §§ 3161 and 3162 is denied.

Brown has grounded his motion to dismiss in the alternative on the Sixth Amendment's guarantee of a right to a speedy trial. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial").  Under the balancing test adopted by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), a court must consider at least four factors in evaluating a speedy trial claim: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."

There is no question that the length of delay here is

substantial given the relatively uncomplicated charges Brown is facing, and the Court is mindful that Brown has suffered prejudice in having been incarcerated since his arrest.[1] Outweighing these factors is that virtually all of the delay has been generated by Brown himself, by his seeking new counsel, seeking to represent himself, filing numerous motions, and need for additional time to supplement his challenge to the District's jury selection procedure.

Brown has every right of course to represent himself and to file pretrial motions.  But neither the Court nor the Government is responsible for this delay, and the Court concludes that under *Barker*'s balancing test there has been no violation of the Sixth Amendment.  *See United States v. Blanco*, 861 F.2d 773, 778 (2d Cir. 1988) ("A defendant's claim that the government violated [his] right to a speedy trial is seriously undermined when the defendant, and not the government, is the cause of the delay.").

For the reasons stated above, Brown's Motion to Dismiss Indictment with Prejudice (Doc. 119) is **denied.**

---

[1]  At his initial appearance Brown did not contest detention, and he withdrew a subsequent motion to revoke his order of detention.

Dated at Burlington, in the District of Vermont, this 27th day of August, 2008.

                                                <u>/s/ William K. Sessions III</u>
                                                William K. Sessions III, Chief Judge
                                                United States District Court